# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Dutch Run-Mays Draft, LLC,**
**A West Virginia limited liability company,**
**Respondent Below, Petitioner**

**vs)  No. 15-0317** (Greenbrier County 06-C-275)

**Betty B. Woomer; Edward Barnette; and**
**Edward G. Wentz, substitute successor trustee**
**of the Charles G. Englehardt and**
**Virginia Holt Engelhardt Revocable Living Trust,**
**settled August 12, 1982,**
**Petitioners Below, Respondents**

**FILED**

**April 8, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dutch Run-Mays Draft, LLC, a West Virginia limited liability company, by counsel Kevin L. Carr and Kate Sturdivant Gibson, appeals the March 6, 2015, order of the Circuit Court of Greenbrier County that (1) granted a motion for summary judgment in favor or Respondents' Betty B. Woomer; Edward Barnette; and Edward G. Wentz, substitute successor trustee of the Charles G. Englehardt and Virginia Holt Engelhardt Revocable Living Trust, settled August 12, 1982, and (2) permanently enjoined petitioner from blocking respondents' use of an easement over petitioner's newly-purchased real property. The case turned on whether a seller of real property may encumber real property with an easement after a contract of sale has been signed by the purchaser of the real property, but before the sale is finalized. The circuit court found that the seller could encumber the property with an easement during that time period because petitioner was placed on inquiry notice regarding the easement when it contracted to purchase the real estate and had actual notice of the easement prior to closing on the sale.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal regards two adjoining tracts of land in the White Sulfur Spring District of Greenbrier County: (1) respondents' 830 acre "Barnette tract," and (2) petitioner's 5,046 acre "Dutch Run tract" which was originally owned by MeadWestvaco Corporation ("MeadWestvaco"). Respondents' Barnette tract is situated along the eastern bank of the Greenbrier River and can be accessed from State Road 36/2 using Roads G and I or G and O. Roads G, I, and O run across the Dutch Run tract and form the easement at issue in this case.

1

Sometime between 2001 and 2004, MeadWestvaco decided to sell its Dutch Run tract. Prior to the auction of the property, MeadWestvaco orally agreed to give respondents an easement across the Dutch Run tract for $5,000 and the cost of the survey necessary to convey the easement. The Dutch Run tract was thereafter surveyed and the auction was set for October 1, 2004.

Respondents claim that *before* the auction took place their deed of easement from MeadWestvaco was all but formalized except for a minor disagreement regarding the width of the easement. The disagreement resulted in the need for an additional survey which delayed the filing of the deed of easement until *after* the auction had taken place.

The auction for the Dutch Run tract was held on October 1, 2004. A "Bidder Packet" was distributed at the auction that included the following terms of sale:

> Tract 41 [of the Dutch Run tract] is subject to two easements to H.D. Barnette over Road I and Road O.

Petitioner highlights that this statement fails to mention (1) Road G; (2) that Roads I and O can only be accessed using Road G; and (3) that H.D. Barnette died in the 1960s.[1]

The Bidder Packet also provided the following:

> PROPERTY SOLD AS IS: All the Property shall be sold as is, where is and with all faults without representation or warranty of any kind including, without limitation, warranty relating to title . . . of all or any part of the Property *subject to conditions, restrictions, rights of way, easements, reservations, agreements*, and other conditions . . . affecting the Property. Neither Seller nor Agent has made any verbal or written promises, representations, warranties or agreement to Buyer or Buyer's agents, employees or representatives.
>
> ANY ANNOUNCEMENTS MADE BY THE AUCTIONEER
> TAKE PRECEDENCE OVER THIS PRINTED MATERIAL.

(Italics added; capitalization in the original.)

Respondents claim that, at the auction, the auctioneer mentioned respondents' easement twice, once before the auction began and once during the auction. However, they admit that the auctioneer omitted any mention of Road G in those announcements. Petitioner claims it was not present at the auction when any such announcements were made.

N.C. Ventures, LLC, petitioner's affiliate, was the high bidder at the auction with a bid of $6,352,500.00. Immediately following the auction, Martin E. O'Boyle, N.C. Ventures, LLC's managing member, executed a contract of sale for the Dutch Run tract and deposited a sum

---

[1] Respondents are the heirs or assigns of H.D. Barnette.

representing ten percent of its bid. Thereafter, Petitioner Dutch Run-Mays Draft LLC was formed for the purposes of closing the sale.

Following the auction, but prior to the closing on the property, petitioner sought an additional survey, dubbed the "ATLA survey."

Petitioner claims that on October 8, 2004, one week after the October 1, 2004, auction, MeadWestvaco and respondents agreed to the terms for a deed of easement over the Dutch Run tract. The deed of easement was executed by MeadWestvaco in respondents' favor on October 26, 2004, and recorded on October 27, 2004.

The ATLA survey commissioned by petitioner and dated November 20, 2004, references respondents' October 27, 2004, deed of easement and includes the information omitted from the "Bidding Packet" and the auctioneer's announcements.

On or before December 10, 2004, petitioner received the draft deed to the Dutch Run tract. The following clause appears on page three of the draft deed:

> THIS CONVEYANCE IS FURTHER MADE SUBJECT TO that access easement granted to Charles E. Barnette, et at[.], in that document dated October 20, 2004, acknowledged October 26, 2004, and recorded in the aforesaid Clerk's Office in Deed Book No. 493 at page 603.

Martin E. O'Boyle objected to including the easement information in the deed, but, nevertheless, closed on the sale and recorded the deed on December 10, 2004, with the easement clause intact. Thereafter, petitioner gave keys to respondents for a gate located at the entry point of the easement (at the end of State Route 36/2 and the beginning of Road G). However, respondents claim that petitioner refused to give keys to those persons who contracted annually with respondents to use the Barnette tract as a "hunt club." Respondents claim they lost $3,000 in annual income as a result.

In 2006, petitioner placed large boulders behind the gate at the entrance to the easement thereby blocking all vehicular access to the easement. Respondents claim that petitioner's placement of the boulders was done without notice and caused them to be "essentially landlocked in practical terms." Respondent Edward Barnette claims that, as a result of the blocked easement, he lost a lucrative timber contract. Petitioner counters that respondents have other means of access to their property. Respondents maintain that to access an alternate roadway, they must ford the Greenbrier River and scale a steep hillside.

On November 29, 2006, respondents filed a complaint seeking a permanent injunction against petitioner that would preclude petitioner from obstructing respondents' access to the easement. Active litigation followed for several years. On May 18, 2010, petitioner filed a motion for summary judgment. Thereafter, a bankruptcy action involving petitioner stayed the case until May of 2014. On January 20, 2015, respondents filed their motion for summary judgment and petitioner renewed its motion for summary judgment. Following a hearing, the circuit court, by order entered March 6, 2015, granted summary judgment in favor of

respondents and permanently enjoined petitioner from obstructing respondents' easement. Petitioner now appeals.

We review a circuit court's entry of summary judgment de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va.189, 451 S.E.2d 755 (1994).

Petitioner raises two assignments of error on appeal. Petitioner first argues that the circuit court erred in finding that the doctrine of equitable conversion did not invalidate respondents' October 27, 2004, deed of easement. Specifically, petitioner avers that when Martin E. O'Boyle signed the contract of sale for the Dutch Run tract on October 1, 2004, petitioner was vested with equitable title to the tract and, as a result, MeadWestvaco was divested of any authority to convey an easement over the Dutch Run tract. Petitioner concludes that because MeadWestvaco's conveyance of the easement to respondents on October 27, 2004, was void at its inception, it is irrelevant that petitioner knew about the easement on December 12, 2004, when it closed on the sale and recorded the deed to the Dutch Run Tract.

This Court has said, "[a]fter the execution of a valid contract of sale and before the legal title passes by deed, the vendor is regarded in equity as holding the legal title in trust for the vendee, and the latter as holding the purchase money in trust for the vendor. . . ." *Timberlake v. Heflin*, 180 W.Va. 644, 650, 379 S.E.2d 149, 155 (1989) (quoting *Maudru v. Humphreys*, 83 W.Va. 307, 310-11, 98 S.E. 259, 260 (1919)). However, the application of the doctrine of equitable conversion depends upon the circumstances under which it is invoked given that the doctrine proceeds on equitable principles. 27A Am. Jur. 2d *Equitable Conversion* § 3 (2016). For example, we have found that the doctrine of equitable conversion operates to place the risk of loss on the purchasers or real property following the execution of a valid contract for sale. *See Bryant v. Willison Real Estate Co*., 177 W.Va. 120, 123, 350 S.E.2d 748, 751 (1986).

In this case, the circuit court found that petitioner failed to cite to a case that applied the facts in this case to our jurisprudence regarding equitable conversion. Consequently, the circuit court determined that, under our jurisprudence, "[t]he doctrine of equitable conversion does not speak to the authority or power of the holder of the estate in trust to convey an easement *duly noticed* to the purchaser." (Emphasis added.) We concur. Here, petitioner was duly noticed of respondents' easement given that the "Bidding Packet" provided at the October 1, 2004, auction specifically provided that the Dutch Run Tract was "subject to" an "easement." Although the notice in the "Bidding Packet" was not complete, it was clearly sufficient to place petitioner on notice regarding "two easements" on "Tract 41" over Roads I and O. "A party to a purchase agreement involving real estate, who, previous to payment of full consideration, receives notice of the prior existing right of another, is not a bona fide purchaser for value without notice." Syl. Pt. 1, *McGinnis v. Enslow*, 140 W.Va. 99, 99, 82 S.E.2d 437, 438 (1954). Accordingly, in this case and on these facts, we find that the circuit court did not err in finding that the doctrine of equitable conversion did not invalidate petitioner's October 27, 2004, deed of easement.

Petitioner next argues that the circuit court erred in finding that West Virginia Code § 40-1-9 did not protect petitioner from the easement. Petitioner claims that statute does apply and, therefore, renders respondents' deed of easement as void against petitioner.

4

West Virginia Code § 40-1-9 provides as follows:

[E]very deed conveying any such estate . . . shall be void, as to . . . subsequent purchasers for valuable consideration *without notice*, until and except from the time that it is duly admitted to record in the county wherein the property embraced in such contract, deed, deed of trust or memorandum of deed of trust or mortgage may be.

(Emphasis added.)

As the circuit court correctly found, when petitioner executed and recorded its deed for the Dutch Run tract on December 10, 2004, it clearly had notice that respondents' deed of easement had been delivered and recorded. In fact, petitioner's deed expressly mentions respondents' October 21, 2004, deed of easement. Therefore, the circuit court did not err in finding that West Virginia Code § 40-1-9 did not apply in this case because petitioner was clearly not a subsequent purchaser for valuable consideration *without notice* of respondents' deed of easement. Accordingly, we find that the circuit court did not err in finding that respondents' deed of easement was not void as to petitioner.

Given that petitioner's argument regarding the doctrine of equitable conversion is unavailing, and its claim—that respondents' deed of easement is void as to petitioner—is unsupported in law or fact, we find that the circuit court did not err in granting summary judgment to respondents.

For the foregoing reasons, we affirm the circuit court's March 6, 2015, order.

Affirmed.

**ISSUED: April 8, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

5